Filed 2/24/23  In re Timothy P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| In re TIMOTHY P., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>W.P.,<br><br>Defendant and Appellant. | F084910<br><br>(Super. Ct. No. 16CEJ300299)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Todd Eilers, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and Carlie Flaugher, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

W.P. (father) appeals from the juvenile court's order terminating parental rights as to his minor son, Timothy P. (Welf. & Inst. Code,[1] § 366.26). Father contends the court erred by finding the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) was inapplicable because the juvenile court and the Fresno County Department of Social Services (department) failed to comply with the initial inquiry provisions of ICWA and related California law. The department concedes error and that remand is appropriate. We conditionally reverse the juvenile court's finding that ICWA does not apply and remand for proceedings to ensure ICWA compliance.

Additionally, father contends this court should find that he is T.P.'s sole presumed father as, throughout the proceedings, he was one of two presumed fathers, and the record does not disclose whether the court ever made findings resolving the conflicting presumptions. Upon remand, should any party request it, the juvenile court is directed to make appropriate findings under Family Code section 7612.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2021, the department filed a dependency petition on behalf of Timothy alleging he came within the court's jurisdiction under section 300, subdivision (b)(1) (failure to protect) due to his mother[2] leaving him unattended for an extended period of time because of substance abuse. The petition listed both father and Jesse M.[3] as presumed fathers.

Mother was arrested for child endangerment in connection with the incident. Though Timothy's maternal grandmother had been caring for his siblings, she declined to

---

[1]     All further undesignated statutory references are to the Welfare and Institutions Code.

[2]     Mother is a not a party to this appeal.

[3]     For clarity, we will refer to appellant father as "father" and Jesse M. as Jesse.

take placement of Timothy because he had bad behaviors.  Timothy was temporarily detained and placed into foster care.

At the time of the writing of the detention report, dated July 20, 2021, father and Jesse's whereabouts were unknown.  The detention report indicated mother had denied Native American ancestry on July 16, 2021.  In a previous dependency proceeding initiated in 2016, however, mother had claimed ancestry associated with several Indian nations.  In the same previous proceeding, father had filed a "PARENTAL NOTIFICATION OF INDIAN STATUS" form (ICWA-020 form) stating his maternal grandmother was a member of the Cherokee and Osage Indian Tribes.  The detention report indicated that in the course of the previous proceedings, the department notified the relevant tribes and subsequently moved the court to find ICWA did not apply, and on July 19, 2017, the court found Timothy did not come within the provisions of ICWA.

At the detention hearing on July 20, 2021, mother was present.  The court asked mother directly whether she had any Native American ancestry, to which mother responded she did not.  The court ordered Timothy detained from mother.

As of the writing of the jurisdiction/disposition report, dated August 18, 2021, father was discovered to be an inmate at Wasco State Prison, and Jesse was yet to be located.  The report indicated the department mailed an ICWA-020 form to father on August 18, 2021.  The report also detailed, in addition to the 2016 dependency proceeding, that in a 2019 dependency proceeding, father indicated in open court on October 30, 2019, that he had no Native American ancestry and in an ICWA-020 form.  During the 2019 proceeding, mother claimed ancestry with Cherokee and Choctaw tribes.  Tribes were contacted as a result, and two responded that mother was not registered or eligible for membership.  In the 2019 case, the court did not make an ICWA finding because mother was provided with family maintenance services.

The jurisdiction/disposition report further indicated the paternity statuses of father and Jesse were from the 2016 dependency case.  The report indicated Jesse and mother

were legally married in 2002. Jesse filed for divorce in 2003 but did not follow through with the case, and Jesse and mother were legally married at the time of Timothy's birth in 2011. The report indicated that on July 7, 2017, mother stated that she had resided with father up until Timothy was about two and a half years old. Father had reported in the previous case that he had filed for custody at one time. The dependency court elevated father to presumed status on July 19, 2017.

At the jurisdiction hearing on August 25, 2021, the court appointed counsel for father and found mother's whereabouts were unknown. The court sustained the petition and found Timothy was a child described by section 300, subdivision (b) and continued the matter for disposition.

At the disposition hearing on October 27, 2021, the court found ICWA did not apply. It adjudged Timothy a dependent and removed him from mother's custody. None of the parents were offered reunification services, and a six-month review hearing was set.[4]

At the six-month review hearing on April 20, 2022, father was present via Zoom. Mother's whereabouts remained unknown. The court ordered Timothy to remain a dependent of the court and set a section 366.26 hearing.

The department's section 366.26 report, dated August 11, 2022, recommended adoption be selected as Timothy's permanent plan and that all parental rights be terminated. As to ICWA inquiry, the report indicated that on August 10, 2022, the social worker tried calling the maternal grandmother to obtain an updated ICWA inquiry and ask for contact information for Timothy's parents but received the following message:

---

[4] A six-month review hearing, rather than a section 366.26 hearing, was set because mother was bypassed for services as her whereabouts were unknown under section 361.5, subdivision (b)(1). (See § 361.5, subd. (d) ["If reunification services are not ordered pursuant to paragraph (1) of subdivision (b) and the whereabouts of a parent become known within six months of the out-of-home placement of the child, the court shall order the social worker to provide family reunification services"].)

4.

"Your call cannot be completed as dialed." On August 10, 2022, the social worker called Jesse and asked him if he had any Native American ancestry, to which he responded in the negative. The same day, the social worker mailed a letter to father and enclosed an "INDIAN STATUS INQUIRY ATTACHMENT" form (ICWA-10) requesting he complete and return the form. It was reported that an updated inquiry could not be conducted with mother because her whereabouts remained unknown.

As for Timothy, he had been with his current care providers since September 2021. They wished to adopt him, and he wished to be adopted by them. They had known Timothy since he was four years old, as they had cared for him for approximately a year during his previous dependency before he eventually returned to mother's care.

At the section 366.26 hearing on August 17, 2022, the court found Timothy was adoptable and ordered adoption as his permanent plan; all parental rights were terminated.

## DISCUSSION

### I. ICWA

Father contends the matter must be remanded for further proceedings for ICWA compliance. Respondent concedes remand is appropriate under this court's recently articulated standards in *In re K.H.* (2022) 84 Cal.App.5th 566 (*K.H.*) for ICWA inquiry error. We accept respondent's concession.

ICWA reflects a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards that a state court, except in emergencies, must follow before removing an Indian child from his or her family. (25 U.S.C. § 1902; see *In re Isaiah W.* (2016) 1 Cal.5th 1, 7–8.) In any "proceeding for the foster care placement of, or termination of parental rights to, an Indian child," the Indian custodian and the Indian child's tribe have the right to intervene (25 U.S.C. § 1911(c)), and may petition the court to invalidate any

5.

foster care placement of an Indian child made in violation of ICWA (*id.*, § 1914; see § 224, subd. (e)).

An "Indian child" is defined in ICWA as an unmarried individual under 18 years of age who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe. (25 U.S.C. § 1903(4) & (8); see § 224.1, subd. (a) [adopting federal definitions].)

In California, the court and county child welfare department "have an affirmative and continuing duty to inquire whether a child," who is the subject of a juvenile dependency petition, "is or may be an Indian child." (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a).) The child welfare department's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).) "Under both ICWA and California law, ' "extended family member[s]" ' include the child's 'grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent.' " (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1053; 25 U.S.C. § 1903(2); § 224.1, subd. (c).) Upon each party's first appearance in a dependency proceeding, the juvenile court must ask each participant "whether the participant knows or has reason to know that the child is an Indian child" (§ 224.2, subd. (c)), and "[o]rder the parent … to complete [an ICWA-020 form]" (Cal. Rules of Court, rule 5.481(a)(2)(C), italics omitted).

Before finding ICWA inapplicable, the juvenile court must make a finding that the department conducted "proper and adequate further inquiry" and exercised "due diligence" in doing so and that there is no reason to know whether the child is an Indian child. (§ 224.2, subd. (i)(2).)

There is a split of authority among the Courts of Appeal regarding how to evaluate claims of ICWA inquiry error. (See *K.H.*, *supra*, 84 Cal.App.5th at pp. 611–618 [summarizing the varied approaches].) The California Supreme Court has granted review on the issue in *In re Dezi C.* (2022) 79 Cal.App.5th 769 (*Dezi C.*), review granted September 21, 2022, S275578. Recently, this court decided *K.H.*, which articulates the standards we will apply until the Supreme Court provides additional guidance in *Dezi C.*

In *K.H.*, this court adopted the hybrid standard of review set forth in *In re Ezequiel G.* (2022) 81 Cal.App.5th 984, 1004–1005 (*Ezequiel G.*). (*K.H.*, *supra*, 84 Cal.App.5th at pp. 600–601.) Under this standard, "[t]he first element [of a court's ICWA finding under section 224.2, subdivision (i)(2)]—whether there is reason to know whether the child is an Indian child—requires the juvenile court to determine, based on the evidence before it, whether any one of six statutory criteria [set forth in section 224.2, subdivision (d)] is met" and is a factual determination best reviewed for substantial evidence. (*Ezequiel G.*, at p. 1004.) "The second element—whether a 'proper and adequate further inquiry and due diligence as required in [section 224.2] have been conducted' " requires the court to " 'engage in a delicate balancing' " and should be reviewed for abuse of discretion. (*Id.* at pp. 1004–1005.)

In acknowledging that the broad duty of inquiry under section 224.2, subdivision (b) could be read to lead to an absurd interpretation as noted by other courts (see *Ezequiel G.*, *supra*, 81 Cal.App.5th at p. 1006; see also *Dezi Z.*, *supra*, 79 Cal.App.5th at p. 785), this court noted that in determining whether there is error in a given case, "reasonableness, viewed through the lens of ICWA's purpose, is the touchstone." (*K.H.*, *supra*, 84 Cal.App.5th at p. 604.) This court explained, "The agency's inquiry must extend far enough to reasonably ensure that if there is information the child is or may be an Indian child, that information is gathered. As the agency's inquiry is often the only opportunity to collect such information, it is a critical step in

safeguarding the rights ICWA was designed to protect and one that cannot be excused by reviewing courts." (*Ibid.*)

As this court explained, "Not every error by an agency in discharging its duties under section 224.2, subdivision (b), will undermine the court's ICWA finding under section 224.2, subdivision (i)(2), but the court's ability to exercise discretion in this regard is dependent on adequate record development by the agency." (*K.H.*, *supra*, 84 Cal.App.5th at p. 589.) "On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes. When … the court's implied finding that the agency's inquiry was proper, adequate, and duly diligent rests on a cursory record and a patently insufficient inquiry that is conceded, the only viable conclusion is that the finding is unsupported by substantial evidence and the court's conclusion to the contrary constitutes a clear abuse of discretion." (*Ibid.*)

Applying these standards to the present case, we conclude the court abused its discretion in impliedly finding the department had exercised due diligence and performed an adequate inquiry and thus committed error by finding ICWA did not apply to the proceedings. As for father, the court and department did not obtain any information from him regarding Timothy's potential status as an Indian child. We acknowledge the department attempted to obtain information from father by sending him correspondence to prison. However, father was never asked about Timothy's potential status in open court, despite being present. As for mother, as well as Jesse, though they denied Native American ancestry, neither was ordered to complete an ICWA-020 form as required by law.

More concerning is the department's lack of documentation of efforts made in discharging its duty of inquiry as to extended family members. The record discloses that no information was obtained from extended family members. The only effort

8.

documented was one unsuccessful attempt by phone to contact the maternal grandmother. The department documented no further efforts to contact maternal grandmother even though she purportedly had custody of Timothy's siblings. The department documented no effort to inquire of any of mother's other relatives, or of either presumed father's relatives. In the context of searching for relatives suitable for placement, the department reported in its jurisdiction/disposition report that on July 27, 2021, "Family Finding was initiated and relative notification letters were mailed out on August 13, 2021," but there is no information as to whether they were maternal or paternal relatives or whether ICWA inquiry was attempted with these relatives. Inquiry of, or at least a reasonable attempt to inquire of, extended family members was especially important in the present case because no information was acquired from father. We note it was also required even though mother and Jesse denied Native American ancestry. As it has been observed by other courts, the reason section 224.2 requires inquiry of more than just the parents is "to obtain information the parent may not have." (*In re Y.W.* (2021) 70 Cal.App.5th 542, 556.)

We acknowledge the department provided cursory information about inquiry conducted in previous dependency cases and the courts' subsequent findings that ICWA did not apply. We cannot say such information was helpful to the juvenile court in the present case, however, as no details were provided as to whether ICWA inquiry provisions were complied with.

On this poorly developed record, the juvenile court was unable to make an informed decision about ICWA, and thus we conclude it abused its discretion.

Finding error, we turn to the issue of prejudice and whether remand is warranted. In *K.H.*, this court explained that the standard of prejudice should be one informed by the California Supreme Court in *In re A.R.* (2021) 11 Cal.5th 234 (*A.R.*), which focuses on

*injury* rather than *outcome*.[5]  Our high court explained in *A.R* that a *Watson*[6] likelihood-of-success test is not always appropriate in determining harmlessness because it cannot always adequately measure the relevant harm.  (*A.R.*, at pp. 252–253.)  This court recognized that " 'ICWA compliance presents a unique situation' " (*K.H.*, *supra*, 84 Cal.App.5th at p. 608), as it "is not directed at reaching, or protecting, a specific outcome on the merits" but helping the court determine whether any tribes need to be called upon to make a determination as to whether the child is an Indian child and given the opportunity to intervene in the proceedings if they wish (*id.* at p. 609).  Thus, "for the purpose of assessing prejudice, the focus is on the missed opportunity to uncover relevant information necessary to make a reliable, informed determination concerning whether the child is or may be an Indian child." (*Ibid.*)

We conclude the error here is not harmless.  The department's failure to obtain any information from father despite his participation in the proceedings and the complete lack of documented efforts to obtain any information from any extended family members constitutes a "missed opportunity" in the context of ICWA inquiry.  Because addressing these missed opportunities will uncover relevant information that can more meaningfully inform the juvenile court regarding Timothy's potential status as an Indian child, the error was prejudicial and remand to ensure ICWA inquiry compliance is necessary.

## II.     Failure to Make Findings Under Family Code Section 7612

Family Code section 7612, subdivision (b) provides in pertinent part:  "If two or more presumptions [of parentage] arise … that conflict with each other, … the presumption that on the facts is founded on the weightier considerations of policy and

---

[5]     In *A.R.*, the California Supreme Court held that in cases where an attorney has incompetently failed to file an appeal in termination of parental rights cases, "[t]o ascertain prejudice, we focus on whether the parent would have taken a timely appeal, without requiring the parent to shoulder the further burden of demonstrating the appeal was likely to be successful." (*A.R.*, *supra*, 11 Cal.5th at pp. 252–253.)

[6]     *People v. Watson* (1956) 46 Cal.2d 818.

logic controls." Family Code section 7612, subdivision (c) further provides: "In an appropriate action, a court may find that more than two persons with a claim to parentage … are parents if the court finds that recognizing only two parents would be detrimental to the child. In determining detriment to the child, the court shall consider all relevant factors, including, but not limited to, the harm of removing the child from a stable placement with a parent who has fulfilled the child's physical needs and the child's psychological needs for care and affection, and who has assumed that role for a substantial period of time. A finding of detriment to the child does not require a finding of unfitness of any of the parents or persons with a claim to parentage."

Here, the presumed statuses of father and Jesse were established in a previous dependency case, and no party raised the issue in the present dependency case. Father contends the court erred by failing to resolve the conflicting paternity presumptions. Father contends we should find he is Timothy's only presumed father because it will make matters more expeditious upon remand for ICWA inquiry compliance.

Respondent contends the matter was forfeited for failure to object below and that any error was harmless as all parental rights were terminated. Respondent also notes that it agrees Jesse is properly excluded under Family Code section 7612 but that the matter is better suited for the juvenile court to decide. In response, father contends that if this court decides the determination of the factual issue of Timothy's paternity is best left to the trial court, father "will accept that."

We agree with respondent that this claim was not adequately preserved for appeal. While we acknowledge the parties appear to agree father should be found to be Timothy's sole presumed father, the issue was simply not litigated below; the evidence supporting the presumed statuses of the fathers was presented during a previous dependency proceeding and is not part of the record on appeal, and the issue was not raised in the underlying proceeding in any way.

11.

Though we decline to review the court's failure to make findings under Family Code section 7612, we accept, however, that excluding a presumed father would simplify ICWA inquiry. Thus, upon remand, if any party requests it in order to simplify or expedite the ICWA inquiry process, the court shall engage in fact finding under Family Code section 7612. If no party requests the court to make findings under Family Code section 7612, ICWA inquiry shall include all parents as provided for by ICWA and related California law.

## DISPOSITION

The juvenile court's finding that ICWA does not apply is conditionally reversed, and the matter is remanded to the juvenile court with directions to order the Department to comply with the inquiry and documentation provisions set forth in section 224.2, subdivision (b), and California Rules of Court, rule 5.481(a)(5). If, after determining that an adequate inquiry was made consistent with the reasoning in this opinion, the court finds that ICWA applies, the court shall vacate its existing order and proceed in compliance with ICWA and related California law. If the court instead finds that ICWA does not apply, its ICWA finding shall be reinstated. In all other respects, the court's order terminating parental rights is affirmed. Upon remand, if any party requests it, the court shall make findings pursuant to Family Code section 7612, subdivision (b), and if necessary, Family Code section 7612, subdivision (c).


                                                    DE SANTOS, J.

WE CONCUR:



PEÑA, Acting P. J.



SMITH, J.

12.